# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| In re: | |
|    Douglas A. Turner and | Chapter 7 |
|    Mary E. Turner, | Case # 09-11281 |
|         Debtors. | |
| In re: | |
|    Kimberly L. Murray, | Chapter 7 |
|         Debtor. | Case # 09-11365 |
| In re: | |
|    Paul J. Bova, Jr. and | Chapter 7 |
|    Lisa M. Bova, | Case # 09-11420 |
|         Debtors. | |
| In re: | |
|    Chad E. Coon and | Chapter 7 |
|    Racheal Bjornson-Coon, | Case # 09-11466 |
|         Debtors. | |

*Filed & Entered On Docket June 1, 2011*

## ORDER
### SUPPLEMENTING THE MEMORANDUM OF DECISION AND ORDER ISSUED ON FEBRUARY 3, 2011

In each of the four above-named cases, the Chapter 7 Trustee filed an objection to the Debtors' exemption of the pre-petition portion of their 2009 tax refunds on amended Schedule C,[1] with a motion for turnover pursuant to 11 U.S.C. § 542[2] (together, the "Trustee's Motion"). The Debtors each filed a response to the Trustee's Motion.[3] The Debtors in each case alleged, inter alia, that the Trustee failed to provide them with notice of his letter to the Internal Revenue Service requesting that it send the Debtors' tax refunds to him,[4] essentially as an affirmative defense to the Trustee's Motion. They asserted the Trustee violated their due process rights when he sent letters of intercept to the Internal Revenue Service, for turnover of their tax refunds, without prior or simultaneous notice to them and their counsel.

---

[1] See # 09-11281, doc. # 16; # 09-11365, doc. # 18; # 09-11420, doc. # 20; # 09-11466, doc. # 14.

[2] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

[3] See # 09-11281, doc. # 17; # 09-11365, doc. # 24; # 09-11420, doc. # 23; # 09-11466, doc. # 15.

[4] In the Bova case, the Debtors and the Trustee stipulated that the Trustee did not give notice of his request for the tax refunds either to Mr. and Ms. Bova or to their counsel (see Findings of Fact ¶ 3(e), supra). While there is no stipulation that the Trustee did not give notice of his request to the Debtors in the other three cases, the Debtors in those cases each requested that the Court declare that the Trustee violated their due process rights and had a duty to provide them with notice of his request for turnover of the tax refunds (see # 09-11281, doc. # 29; # 09-11365, doc. # 40; # 09-11466, doc. # 27).

On February 3, 2011, the Court issued a memorandum of decision and order that overruled the Trustee's objection to the claimed exemption, granted in part and denied in part the Trustee's motion for turnover of the tax refunds, and provided the parties an opportunity to file memoranda of law and present oral argument on the outstanding notice issue.[5] It was not necessary for the Court to reach a determination on the Debtors' notice argument in order to issue its ruling on the Trustee's objection to exemption and request for turnover.

None of the Debtors filed a memorandum of law by the May 5, 2011 due date. On May 6, 2011, the Debtors in two of the cases[6] filed a stipulated proposed order purporting to adjudicate the notice issue on the following terms:

> In any future Chapter 7 case, in the event a bankruptcy trustee shall invoke an intercept of a federal or state tax refund check belonging to a debtor, the trustee contemporaneous therewith shall make his best efforts to send a copy of the intercept letter to debtor's counsel; however, if the trustee inadvertently fails to send this copy, no private right of action shall exist against the trustee nor shall it invalidate the trustee's right to intercept the tax refund. After receipt of any notification, neither the debtor nor the debtor's agents or attorneys shall give contrary instructions to the taxing authorities. The trustee in his/her sole authority may withhold notification in cases where he/she reasonably believes the debtor may attempt to circumvent the trustee's turnover instructions to the taxing authorities.

The Office of the United States Trustee filed an objection to the proposed order on May 12, 2011,[7] arguing that since the Debtors failed to brief the notice issue, they had abandoned right to relief under that argument. The Chapter 7 Trustee filed a response on May 19, 2011,[8] asking that the Court either enter the proposed order or issue an order concluding that the law does not require the Trustee to give notice to a debtor before seeking turnover from a taxing authority.

The Court finds persuasive the United States Trustee's argument that the Debtors have abandoned the notice argument by failing to timely brief the issue. Accordingly, the Court deems the Debtors' argument to be abandoned. Additionally, the Court finds the record is insufficient for the Court

---

[5] See # 09-11281, doc. ## 33, 34; # 09-11365, doc. ## 42, 43; # 09-11420, doc. ## 39, 40; # 09-11466, doc. ## 31, 32. The Court subsequently entered two amended scheduling orders continuing the hearing date for the parties to present oral argument and extending the time for the parties to file memoranda of law, allowing the Debtors to file memoranda of law on the issue of notice by May 5, 2011. See # 09-11281, doc. ## 38, 42; # 09-11365, doc. ## 47, 52; # 09-11420, doc. ## 44, 48; # 09-11466, doc. ## 36, 40.

[6] See # 09-11281, doc. # 44; # 09-11466, doc. # 42. The Debtors in the other two cases, # 09-11365 and # 09-11420, neither briefed the notice issue nor filed a copy of the proposed order by May 5, 2011. The Debtor in one of the cases, # 09-11365, has since filed a copy of the proposed order on May 31, 2011. See # 09-11365, doc. # 57.

[7] See # 09-11281, doc. # 45; # 09-11365, doc. # 54; # 09-11420, doc. # 50; # 09-11466, doc. # 43.

[8] See # 09-11281, doc. # 46; # 09-11365, doc. # 55; # 09-11420, doc. # 51; # 09-11466, doc. # 44.

2

to enter any substantive ruling on the notice issues and thus also denies the Trustee's request for an order determining that he did not have a duty to give notice to the Debtors prior to seeking turnover of the Debtors' tax refunds from the Internal Revenue Service. The Court will address the question of whether chapter 7 trustee must give notice to a debtor prior to intercepting a tax refund if and when it is properly presented as a justiciable issue in a future case.

Therefore, IT IS HEREBY ORDERED that the Debtors' request for relief as set forth in the proposed order is denied and the hearing scheduled for June 2, 2011 is cancelled.

IT IS FURTHER ORDERED that the findings of fact and conclusions of law set forth in the Court's February 3, 2011 memorandum of decision and order remain in full force and effect, and this contested matter is now fully adjudicated.

SO ORDERED.

May 31, 2011
Burlington, Vermont

Colleen A. Brown
United States Bankruptcy Judge